# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:12CR344 |
| vs. | |
| RANDALL DAVID DUE, | ORDER AND FINDINGS AND RECOMMENDATION |
| Defendant. | |

This matter is before the court on the defendant's, Randall David Due (Due), numerous motions and filings. The motions and filings are as follows:

| Filing No. | Item |
|---|---|
| 186 | Demand to Show Just Cause |
| 188 | Demand to Show Just Cause |
| 190 | Motion Challenging Personal Jurisdiction |
| 193 | Motion Challenging Subject Matter Jurisdiction |
| 194 | Motion Challenging Venue |
| 195 | Motion to Dismiss |
| 196 | Motion to Strike Plaintiff's Claim |
| 201 | Objection to August 29, 2013, Order (Filing No. 181) |
| 204 | Motion to Strike Government's Opposition Brief (Filing No. 200) |
| 228 | Objection to Government's Opposition Brief (Filing No. 210) |
| 232 | Demand to Show Just Cause |
| 233 | Demand to Show Just Cause |
| 236 | Motion for Continuance and Motion to Dismiss |
| 237 | Motion to Strike October 24, 2013, Order (Filing No. 214) and Demand to Show Just Cause |

In Filing Nos. 186 and 188, Due challenges the propriety of his signature on a form acknowledging Due's conditions of release. Due argues the court obtained his signature through fraud. Due demands a showing of just cause and full disclosure for the conditions of release. The remainder of Filing Nos. 186 and 188 is

incomprehensible. Due does not provide any facts or law to support his allegations. Therefore, Filing Nos. 186 and 188 are denied.

In Filing Nos. 190, 193, 194, and 196, Due challenges venue and this court's jurisdiction to hear this matter. Due does not provide citation to law to support his challenges. Regardless, this court has jurisdiction to hear a criminal case. **See** 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). Additionally, venue is proper because Due allegedly committed federal offenses in Nebraska. **See** Filing No. 55 - Superseding Indictment; **see also** 18 U.S.C. § 3237 ("[A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."). Therefore, to the extent Filing Nos. 190, 193, 194, and 196 are motions to dismiss, the undersigned magistrate judge recommends to Judge Joseph F. Bataillon that they be denied.

In Filing No. 201, Due contests the court's August 29, 2013, Order (Filing No. 181) revoking Due's conditions of release, because the undersigned magistrate judge did not properly sign the order. In Filing Nos. 204 and 228, Due contests the government's briefs because the submitting attorney did not sign the briefs with "wet ink." In the referenced order and briefs, the court and the government, respectively, signed the documents with an electronic signature. According to the Local Rules, "[a]ny order or other court issued document filed electronically with an electronic signature has the same effect as an originally signed, nonelectronically filed document." **See** Nebraska General Rules 1.3(a)(2). Additionally, an attorney's electronic signature constitutes a valid signature. **See** NEGenR 1.3(b)(1). Therefore, the documents were properly signed. Due's objections, Filing Nos. 201, 204, and 228, are overruled and to the extent the objections are motions, they are denied.

In Filing Nos. 232 and 233, Due demands a showing of just cause from the court for his prosecution and fraudulent conditions of release. Due again raises the issues of signatures on documents. Electronic signatures are appropriate as explained above. Additionally, Due offers no basis in law for his demands. Accordingly, Filing Nos. and 232 and 233 are denied.

In Filing No. 236, Due requests an extension of time in order to allow government's counsel to prove jurisdiction over Due and provide "findings of facts and conclusions of law." Due argues he cannot prepare a proper defense without the government's response. If Due does not receive a response, Due argues this case should be dismissed. As previously explained, jurisdiction is proper and the government is not required to submit "findings of facts and conclusions of law" to prove jurisdiction. Accordingly, Filing No. 236 is denied.

The remaining motions, Filing Nos. 195 and 237, are referred to Judge Joseph F. Bataillon for disposition. In Filing No. 195, Due argues the court should dismiss this action because Due is being charged for exercising his right to petition the government for redress of his grievances. In Filing No. 237, Due contests Judge Bataillon's October 24, 2013, Order (Filing No. 214), because Judge Bataillon did not properly sign the order and the order violates court rules.

**IT IS ORDERED**:

1. Filing Nos. 186, 188, 201, 204, 228, 232, 233, and 236, are overruled and denied.

2. Filing Nos. 195 and 237 are referred to Judge Joseph F. Bataillon for disposition.

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that**:

Filing Nos. 190, 193, 194, and 196 be denied.

**ADMONITION**

Pursuant to [NECrimR 59.2](#) any objection to this Order and Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order and Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

**ADMONITION AS TO COUNSEL**

The court again urges Due to accept counsel to represent him in this matter. It is clear Due has difficulty with adhering to the ground rules of trial practice, and an attorney skilled in criminal trial practice could be very helpful to Due. Previously, the court has counseled Due with the disadvantages of representing himself in these proceedings and does so again at this time. **See *Faretta v. California***, 422 U.S. 806, 811 (1975); ***United States v. Miller***, 728 F.3d 768, 773 (8th Cir. 2013).

Dated this 27th day of November, 2013.

                                                    BY THE COURT:

                                                    s/ Thomas D. Thalken
                                                    United States Magistrate Judge