IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                        Plaintiffs,                        **8:12CR344**

            vs.

DONNA M. KOZAK and RANDALL DAVID                          **ORDER**
DUE,

                        Defendants.

This matter is before the court on defendant Randall Due's pro se "Objection to Denial to Appeal 'in forma pauperis.'" Filing No. 294. The defendant earlier filed a notice of appeal, Filing No. 273, of this court's order, Filing No. 264, adopting the magistrate judge's findings, Filing No. 263, on several motions, Filing Nos. 257, 258, 259, and 260. This court denied his motion for leave to file an interlocutory appeal in forma pauperis as frivolous or in bad faith. Filing No. 281. The Eighth Circuit Court of Appeals then ordered defendant Due to "either pay the fee in the district court or file a motion for leave to proceed in forma pauperis in [the Appeals Court] within 28 days of [February 5, 2014]." Filing No. 289. Accordingly, defendant Due's remedy lies in the Eighth Circuit Court of Appeals.

To the extent that the defendant's largely nonsensical and unintelligible pleading can be construed as a motion to reconsider, the court finds it should be denied. This is a criminal prosecution. Orders that are immediately appealable in criminal prosecutions are extremely limited. *See Flanagan v. United States*, 465 U.S. 259, 263 (1984) ("In a criminal case the [final judgment] rule prohibits appellate review until conviction and imposition of sentence"); 28 U.S.C. § 1291 (limiting appellate jurisdiction to final orders);

Only orders denying bail reduction or refusing to dismiss on double jeopardy or Speech or Debate grounds are immediately appealable. *Flanagan*, 465 U.S. at 266. The court again concludes that defendant Due's attempt to appeal an order that is not subject to interlocutory appeal is frivolous. Further, it appears that the original and repeated filings are taken in bad faith. The record shows that defendant Due has consistently refused to recognize the court's jurisdiction, relied on the Constitution as support for untenable positions, and profoundly misconstrued the nature of criminal proceedings. Accordingly, the court will deny the "objection" to the extent it can be construed as a motion for reconsideration.

THEREFORE, IT IS ORDERED that defendant Randall Due's objection, Filing No. 294, is denied.

Dated this 12th day of February, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge