# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:12CR344 |
| vs. | ORDER |
| RANDALL DAVID DUE, | |
| Defendant. | |

This matter is before the court on various documents filed by Defendant Randall David Due. Due's April 11, 2014, and April 22, 2014, filings are titled: (1) Petition to Compel/Order, (2) Criminal Counterclaim Complaint (dated March 17, 2014), (3) Notice of Conflict of Interest, (4) Notice Thomas D. Thalken & Joseph F. Bataillon's "Fraud" in and on the Court Demand Show "Just Cause," and (5) Criminal Counterclaim Complaint (dated April 18, 2014). **See** Filing Nos. 348, 349, 352, 360, and 361. In these documents, Due seeks have the undersigned magistrate judge and the assigned district court judge recused or be removed from this criminal action based on Due's attempt to file commercial liens against the above-mentioned judges in response to orders entered in this matter. **See** Filing Nos. 348, 352 and 360. These "motions" are substantively identical to Due's December 19, 2013, motion and the motions resolved in the court's April 10, 2014, Order, equally incomprehensible, and unsupported in fact or law. **See** Filing Nos. 263 and 353 - Order denying motions. For these reasons, Due's filings, to the extent they are motions, are denied.

Similarly, despite the court's March 10, 2014, Order explaining counterclaims are unavailable in criminal cases, Due filed counterclaims on April 11, 2014, and April 22, 2014 (Filing Nos. 349 and 361). For the reasons stated in the court's March 10, 2014, Order, Due's counterclaim filings shall be stricken.

**IT IS ORDERED**:

1. Due's motions indicating the judges' conflicts of interest (Filing Nos. 348, 352, and 360) are denied.
2. Due's counter-claims (Filing Nos. 349 and 361) are stricken.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

## ADMONITION AS TO COUNSEL

The court again urges Due to accept counsel to represent him in this matter. It is clear Due has difficulty with adhering to the ground rules of trial practice, and an attorney skilled in criminal trial practice could be very helpful to Due. Previously, the court has counseled Due with the disadvantages of representing himself in these proceedings and does so again at this time.

Dated this 28th day of April, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge