IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:12CR344 |
| Plaintiffs, | |
| vs. | ORDER |
| RANDALL DAVID DUE, | |
| Defendant. | |

This matter is before the court sua sponte for consideration of a psychiatric and psychological evaluation concerning defendant's present mental condition. On May 19, 2014, the court conducted a pretrial hearing in preparation for trial scheduled for May 26, 2014. During the hearing, the defendant, who is pro se, was unable to appropriately answer questions posed by the court. Likewise, it did not appear that the defendant would be able to follow directions and procedures during his trial, as he was unable to do so in the courtroom today. It appears to the court that defendant may presently be suffering from a mental disease or defect. The court finds that defendant's current and past behavior supports the need for an inpatient evaluation.

As a result, the court appointed Stu Dornan to represent the defendant with regard to this issue of his mental health. A session with a psychiatrist was scheduled in Omaha, Nebraska, on June 3, 2014. The court received a message from the United States Marshal's Service that defendant refused to go to the psychiatrist. The court convened another hearing and talked with counsel. Mr. Dornan spoke with the defendant. The court then conducted a hearing today, June 4, 2014. The defendant was present. The defendant indicated he refused counsel and would not consent to see a psychiatrist. The court attempted to get the defendant to answer questions posed to

him, but the defendant was unable or unwilling to do so. As a result, the court adjourned the hearing.

The court finds the defendant may presently be suffering from a mental disease or defect that might impair his competency to stand trial. 18 U.S.C. § 4247; 18 U.S.C. § 4241. The court also finds that a psychiatric and psychological evaluation is warranted to determine the defendant's current mental status and to enable the court to determine (1) whether defendant is mentally competent to stand trial; and (2) whether defendant is mentally competent to represent himself at trial. With regard to this second request, the United States Supreme Court has determined that a state court can impose counsel on a defendant with mental illness issues, even though the defendant wants to represent himself. *Indiana v. Edwards,* 554 U.S. 164, 174 (2008). The Supreme Court further determined that the court can decide if the defendant is competent to represent himself at trial. *Id.*

Further, the court finds that there is a compelling reason for the evaluation to be conducted by the Bureau of Prisons, and there are no adequate professional resources available in the local community to perform the evaluation. A psychological or psychiatric report shall be provided to the court in accordance with 18 U.S.C. § 4247(c).

THEREFORE, IT IS ORDERED:

**1.** The defendant is remanded to the custody of the United States Bureau of Prisons for a full pretrial psychiatric and psychological evaluation, to be provided on or before **August 4, 2014.**

2. The report shall include the information required pursuant to 18 U.S.C. § 4247(c) and 4241. The report shall also include (a) whether the

defendant is mentally competent to stand trial; and (b) whether defendant is mentally competent to represent himself at trial.

3. The report shall be completed on or before **August 4, 2014.**

4. The court finds that Speedy Trial is waived from this date until the court rules on defendant's competency to stand trial and to represent himself.

Dated this 4th day of June, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge