IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:12CR344 |
|---|---|
| Plaintiffs, | |
| vs. | ORDER |
| RANDALL DAVID DUE, | |
| Defendants. | |

This matter is before the court on defendant's oral demand/motion to dismiss for an alleged violation of his right to speedy trial. The defendant made this demand/motion during the hearing the court conducted on August 5, 2014. The government objects to the motion/demand and files a brief in opposition, Filing No. 456. The court agrees that defendant is protected from undue post-indictment delay pursuant to the Speedy Trial Act (70 day speedy trial requirement), the Sixth Amendment of the United States Constitution and Fed. R. Crim. P. 48(b). The government has indicated that only 23 days have elapsed from the speedy trial clock. The court has likewise checked the speedy trial clock and finds the clock will not run until at least mid-October and possibly longer, depending upon excludables. The court very carefully reviewed each excluded timeframe and finds that although there has been a 16-month delay from indictment to date, the majority of the delay is due to Mr. Due's numerous filings and appeals. This includes five motions to continue, six appeals to the Eighth Circuit, and 60 documents which the court recognized as motions. These factors weigh heavily against defendant's speedy-trial claim. *Dickey v. Florida*, 398 U.S. 30, 48 (1970) (A defendant may be disentitled to the speedy-trial safeguard in the case of a delay for

which he has, or shares, responsibility.). Further, the defendant has waived his right to a speedy trial on several occasions, and thus, he has contributed to the delay in this regard also. *See* Filing No. 100, Filing No. 117, Filing No. 191, Filing No. 207, and Filing No. 384. Accordingly, for all these reasons, the court finds there is no speedy trial violation.

The defendant also contends that his due process rights are being violated, as a result of jail employees at the Douglas County Correctional Center refusing to give him his legal papers. The court notes that it previously addressed this issue on February 25, 2014. The court even ordered the U.S. Marshals to submit a report in this regard. Filing No. 311. Defendant was permitted to reply to this report. Thereafter, the court denied defendant's request to give him such voluminous records. Filing No. 333, at 2. The defendant has offered no new evidence or argument in this regard. Accordingly, for the reasons previously stated, defendant's motion is denied with respect to his due process claims as to this issue.

THEREFORE, IT IS ORDERED that defendant's oral motion/demand to dismiss for both speedy trial and due process violations are denied.

Dated this 12th day of August, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge