IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
OMAHA DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.            Case No. 8:12-CR-00344-2

RANDALL DAVID DUE                                           DEFENDANT

**NOTICE**

Defendant Randall David Due is currently awaiting sentencing, after being convicted by a jury on six counts of filing false liens against United States Government officials and one count of conspiracy to file false liens in violation of 18 U.S.C. § 1521. After reviewing the Pre-Sentence Investigation Report in preparation for the sentencing hearing scheduled for December 2, 2014 at 8:30 a.m., the Court gives Notice that it is contemplating an upward departure from the Federal Sentencing Guidelines and/or an upward variance under the provisions of 18 U.S.C. § 3553(a). In accordance with Federal Rule of Criminal Procedure 32(h), the Court specifies that the potential basis for an upward departure is that the Defendant's criminal history category under-represents the likelihood that Defendant will commit other crimes.

According to the Pre-Sentence Investigation Report, Defendant has a Criminal History Score of zero, establishing a

Criminal History Category of I, and Defendant's Total Offense Level is at 27, resulting in a Guideline range of 70-87 months imprisonment. However, the Court believes that this Guideline range does not adequately take into account the likelihood that Defendant will commit other crimes. Although he has no prior criminal record, Defendant has persisted in attempting to file additional false liens against government officials, including the undersigned. An attorney was appointed to represent Defendant following his trial, only to have Defendant attempt to file a lien against him. The attorney was permitted to withdraw. There has been no indication that the Defendant intends to cease his campaign of criminal harassment of government officials, and the Court gives notice to Defendant that an upward departure and/or variance may be necessary to achieve the purposes of sentencing reflected in the § 3553(a) factors. The Court notes that Section 4A1.3 of the Sentencing Guidelines provides that, in determining the extent of a departure, the Court should use as a reference "the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's."

The Court recognizes that the United States Sentencing Guidelines, while informing the Court's decision, are advisory, and that the Court retains discretion to vary substantially from

those Guidelines by imposing a non-Guidelines sentence based on consideration of all the U.S.C. § 3553(a) factors present in a given case. The Court has reviewed this case thoroughly and considered all relevant § 3553(a) factors. It is the Court's opinion that the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, are all factors that would justify an upward variance in this case.

As stated above, the characteristics and post-indictment and post-conviction actions of Defendant indicate that he is almost certain to re-offend -- Defendant continues to actively seek to file false liens against government officials. Accordingly, the Court gives Notice that it may vary upward as much as necessary to adequately address the need for the sentence imposed to reflect the seriousness of Defendant's offenses, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the Defendant.

The sentencing hearing remains set for December 2, 2014 at 8:30 a.m. If the parties wish to file sentencing memoranda for

the Court's consideration, they should be filed at least ten (10) days prior to the sentencing hearing.

IT IS SO ORDERED this 6th day of November, 2014.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge