IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA                                    PLAINTIFF

    v.              CASE NO. 8:12-CR-00344

RANDALL DAVID DUE                                           DEFENDANT

**SENTENCING MEMORANDUM**

Defendant Randall David Due is before the Court for sentencing following his conviction on six counts of filing false liens against employees of the United States Government and one count of conspiring with others to file such false liens, all in violation of 18 U.S.C. § 1521.[1]

For each offense of conviction, the relevant statutes provide for imprisonment for not more than ten (10) years, supervised release of not more than three (3) years, and a fine of up to $250,000.00. According to the Pre-Sentence Investigation Report, Defendant has a Criminal History Score of zero, establishing a Criminal History Category of I, with a total offense level at 27. Accordingly, the United States Sentencing Guidelines advise and recommend a sentence in the range of seventy (70) to eighty-seven (87) months imprisonment, one (1) to three (3) years of supervised release, a fine of between $12,500.00 and $125,000.00, and a mandatory special

---

[1] On September 4, 2014, the jury returned a verdict convicting Defendant of all counts of the Superseding Indictment (doc. 55) in which he was charged.

assessment of $100.00 per count.  In determining the sentence that should be imposed in this case, the Court is to consider and balance the factors set out in 18 U.S.C. § 3553(a). Pursuant to that obligation, the Court issues this sentencing memorandum.

The Court believes that the applicable Guideline range described above does not adequately take into account the likelihood that Defendant will commit other crimes.  Although he has no prior criminal record, Defendant has persisted in attempting to file additional false liens against government officials, including the undersigned, even after his conviction. Defendant offered as an exhibit at trial a false lien signed by Defendant against a sitting United States District Court judge, dated March 26, 2014, which was thirteen months after the filing of the Superseding Indictment (doc. 55) and seven months after Defendant's bond had been revoked.  An attorney was appointed to represent Defendant following his trial, only to have Defendant attempt to file a lien against him.  The attorney was permitted to withdraw.  There has been no indication that the Defendant intends to cease his campaign of criminal harassment of government officials, and the Court finds that an upward departure and/or variance is necessary to achieve the purposes of sentencing reflected in the § 3553(a) factors.

The Court recognizes that the United States Sentencing Guidelines, while informing the Court's decision, are advisory, and that the Court retains discretion to vary substantially from those Guidelines by imposing a non-Guidelines sentence based on consideration of all the U.S.C. § 3553(a) factors present in a given case. The Court has reviewed this case thoroughly and considered all relevant § 3553(a) factors. It is the Court's opinion that the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, are all factors that justify an upward variance in this case.

As reflected above, the characteristics and post-indictment and post-conviction actions of Defendant indicate that he is almost certain to re-offend. Defendant continues to actively seek to file false liens against government officials. Unfortunately, there are recorders of liens and encumbrances in various counties across the country -- not just in Nebraska -- who will file liens such as those prepared by Defendant as long as they are accompanied by the required filing fee. As long as a document has the proper attestation, it is usually accepted for filing with very little scrutiny and few (or no) questions asked. The statutes in this case are a last-ditch effort to

avoid the ill consequences of such improper filings. Defendant has shown no respect for these statutes and continues to seek to inflict financial harm on virtually all government officials who have had any part in the case against him. The goals of promoting respect for the law, deterring further criminal conduct, and protecting the public from further crimes all weigh in favor of an upward variance in this case.

Upon consideration of the sentencing factors found in 18 U.S.C. § 3553(a) and Section 4A1.3 of the Sentencing Guidelines as set forth above, the Court intends to impose a sentence upon Defendant of one hundred twenty (120) months imprisonment on each count, with such terms of imprisonment to run concurrently; three (3) years of supervised release on each count, with such terms of supervised release to run concurrently; and a special assessment of $700.00. No fine will be imposed, as the Court finds that Defendant lacks the ability to pay any such fine. The Court finds that such a sentence is sufficient, but not greater than necessary, to comply with the relevant § 3553(a) sentencing factors.

The Court again advises Defendant that, should he so request, an attorney will be appointed to represent him. However, before such appointment is made, Defendant should expressly agree in writing that he will not seek to file a lien against such attorney for representing him.

IT IS SO ORDERED this 2nd day of December, 2014.

                                                /s/ Robert T. Dawson
                                                Honorable Robert T. Dawson
                                                United States District Judge