IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>RANDALL DAVID DUE,<br><br>  Defendant. | 8:12CR344<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendant Randall David Due's ("Due") "Verified Ex-Parte Petition for Early Release due to Public Health Emergency" (Filing No. 586). *See* 18 U.S.C. § 3582(c)(1)(A)(i). Citing the risks "precipitated by the COVID-19 pandemic," Due asks the Court to "reduce his sentence to time served." The government opposes Due's motion (Filing No. 602). For the reasons stated below, Due's motion is denied.

I.   BACKGROUND

On September 4, 2014, a jury found Due guilty of six counts of filing false liens against federal employees and one count of conspiring to file those false liens, all in violation of 18 U.S.C. § 1521. At sentencing, the Court noted the United States Sentencing Guidelines recommended a sentence between 70 and 87 months on each count (level 27, category I) but determined that range did "not adequately take into account the likelihood that [Due] will commit other crimes," particularly given Due's continued harassment of government officials "even after his conviction." Finding "that an upward departure and/or variance [wa]s necessary to achieve the purposes of sentencing reflected in the [18 U.S.C.] § 3553(a) factors," the Court sentenced Due to 120 months on each count, to run concurrently.

Due, who is 69 years old, is currently incarcerated at FCI Greenville with a projected release date of July 20, 2022. The government calculates Due has served approximately

67 months of his 120-month sentence. Due states he will be "eligible for placement in reentry programming in a mere 13 months." *See* 18 U.S.C. § 3624(c).

While in prison, Due has, as his counsel puts it, found "himself at odds with the medical staff." Due has refused to participate in some medical tests and treatment and has threatened to sue medical staff. Due's counsel fears that the "mutual mistrust" that "has arisen" could mask "other serious health issues" Due may have. The government, in contrast, says Due's "refusal to cooperate with medical authorities . . . means that his conditions have not been fully substantiated." According to the government, Due's difficulty with medical staff and his disciplinary record in prison demonstrate the Court's prescience in predicting at sentencing that Due would continue to file frivolous documents to harass federal officials and others.

In that vein, the government points out Due has continued to file frivolous documents and motions in this case, accusing his victims, the presiding judges, and a growing list of others of crimes and other misconduct. The United States Probation and Pretrial Services Office ("probation office"), which completed an investigation of Due's request for compassionate release at the Court's direction, similarly reports Due has filed a civil suit against numerous judges and other federal officials in this district (Case No. 8:20CV172) and filed multiple civil suits against Bureau of Prisons ("BOP") officials and medical staff in the Southern District of Illinois.

Due filed the present motion and a supporting affidavit (Filing No. 587) pro se on April 16, 2020. The Court (1) stayed (Filing No. 588) Due's motion for sixty days to allow him "to file proof of exhaustion with the prison system" and (2) appointed counsel to represent him in this matter.

On June 25, 2020, Due's counsel filed a supplemental brief (Filing no. 597) in support of his motion. Due's counsel states Due "properly presented his request to the BOP and this matter is properly before the [C]ourt" because thirty days has passed since

he requested relief from the warden. *See* 18 U.S.C. § 3582(c)(1)(A) (permitting an inmate move for a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier").

The government opposes Due's request to reduce his sentence but does not dispute Due's assertion that thirty days have passed since he "properly presented" his request to the BOP. This matter is now fully briefed and ready for a decision on the merits.

**II.    DISCUSSION**

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But there are exceptions. *Id.* One exception—in full bloom of late—is the "compassionate release" provision of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), codified at 18 U.S.C. § 3582(c)(1)(A). That provision authorizes Due to ask the Court to reduce his sentence after first presenting the matter to the BOP.

To qualify for relief under § 3582(c)(1)(A)(i), Due must demonstrate "extraordinary and compelling reasons" to reduce his sentence. In deciding whether to grant a reduction, the Court considers the relevant factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id.*

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure any relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The

first application note to § 1B1.13,[1] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3; *see also United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020).

Having carefully reviewed Due's request for compassionate relief in light of these factors, the Court finds four main points weigh in his favor: his age, the nonviolent nature of his crimes, the absence of an extensive criminal history, and the apparent strength of his proposed plan to live with his wife in Georgia upon release.

Due also has some medical conditions that, combined with his age, could potentially present a greater risk if he is exposed to COVID-19. But those conditions do not tip the balance in favor of reducing Due's sentence. Frankly, the medical evidence presents something of a mixed bag for Due largely due to his rigid noncompliance and contentious behavior toward the medical staff. The Court does not put much stock in Due's claimed paraplegia given the lack of objective evidence to support such a serious claim. Due's remaining medical problems do not make him exceptionally vulnerable to COVID-19.

In terms of the risk Due faces at FCI Greenville, the probation office reports that "as of July 8, 2020," that facility "has no confirmed active positive tests for COVID-19" and no inmate deaths. One inmate has recovered from a positive test.

---

[1]This policy statement predates the First Step Act and does not control the Court's review of a request for compassionate release, but the Court nonetheless finds it helpful in deciding whether to grant relief. *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

In its brief, the government describes in detail the significant steps the BOP has taken to reduce the risks posed by COVID-19. The pandemic is—without question— deadly serious for prisoners. And the BOP has taken it seriously, implementing key preventive measures to reduce the spread of the virus and taking advantage of its increased authority under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), to flexibly manage a large and diverse prison population.

The government also points out that Due has only served a little more than half of his 120-month sentence—a sentence the Court specifically varied upward to impose to address Due's misconduct before, during, and after trial and "the likelihood that [he] will commit other crimes." Noting Due's ongoing efforts to harm the government officials involved in his case, the Court concluded "[t]he goals of promoting respect for the law, deterring further criminal conduct, and protecting the public from further crimes all weigh[ed] in favor of an upward variance in this case."

The post-sentencing record in this case indicates Due's contumacious behavior continues almost unabated. Due's conduct while incarcerated belies the notion that wisdom and discernment come with age. Due has apparently not grown out of his unyielding compulsion to harass government officials involved in his case and file frivolous legal documents. His actions—though not violent—are not harmless. They are a threat to others, and they demonstrate the lack of respect for the law and risk to the public that convinced the Court to vary upward in the first place.

All things considered, Due has failed to establish "extraordinary and compelling reasons" to reduce his sentence and remains likely to reoffend. 18 U.S.C. § 3582(c)(1)(A)(i). Therefore, Due's "Verified Ex-Parte Petition for Early Release due to Public Health Emergency" (Filing No. 586) is denied.

IT IS SO ORDERED.

Dated this 27th day of July 2020.

> BY THE COURT:
>
> *[signature: Robert F. Rossiter, Jr.]*
>
> Robert F. Rossiter, Jr.
> United States District Judge