IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | **8:12CR344** |
| v. | | |
| RANDALL DAVID DUE, | | **ORDER** |
| Defendant. | | |

This matter is again before the Court on multiple pro se submissions from defendant Randall David Due ("Due"). More specifically, Due has submitted an "Affidavit Complaint -- Motion 60(d)(3) - Hazel-Atlas Action" based on his unremitting allegations of fraud on the Court in his criminal case (Filing No. 613) and a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 611). The motions are the latest in a long line of similar motions and pleadings in this and other courts challenging the criminal proceedings against him and his conviction and sentence. *See Due v. Saad*, No. 3:18-CV-29, 2018 WL 6683931, at *2-3 (N.D.W. Va. Oct. 30, 2018), *report and recommendation adopted*, No. 3:18-CV-29, 2018 WL 6683003 (N.D.W. Va. Dec. 19, 2018), *aff'd*, 771 F. App'x 267 (4th Cir. 2019); *accord Due v. Werlich*, No. 19-CV-1340-NJR, 2020 WL 733833, at *1 (S.D. Ill. Feb. 13, 2020), *reconsideration denied*, No. 19-CV-1340-NJR, 2020 WL 1703197 (S.D. Ill. Apr. 8, 2020).

In his latest submissions, Due largely raises the same issues and arguments repeatedly reviewed and rejected by the Court as frivolous and without merit. To the extent Due raises new arguments, they fare no better.

The Court entered judgment in this case on December 5, 2014. Due did not directly appeal. By any reasonable measure, his judgment has been final for more than six years. *See* 28 U.S.C. § 2255(f). Due acknowledges his § 2255 motion is subject to a one-year statute of limitation under § 2255(f)(1) but explains he "was not aware that [he] only had" one year to file. Due's purported lack of knowledge is insufficient to toll the statute of

limitation, particularly in light of the circumstances of this case. *See*, *e.g.*, *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (explaining equitable tolling has not been warranted "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources"); *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013) (concluding a delay of several years "preclude[d] finding that [a prisoner] was diligent, rendering his motion untimely"). And Due fails to provide any other compelling basis to excuse or extend the limitation period.

Even if Due's motion were timely, it would still fail on the merits. The Court's careful review of Due's "motion and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b); *accord Jackson v. United States*, 956 F.3d 1001, 1006 (8th Cir. 2020) ("No hearing is required where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." (quoting *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010))).

The Court also will not issue a certificate of appealability. It can only issue a certificate if Due has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b)(1). He has not.

Based on the foregoing,

IT IS ORDERED:

1.  Defendant Randall David Due's "Affidavit Complaint -- Motion 60(d)(3) - Hazel-Atlas Action" based on an alleged fraud on the Court in his criminal case (Filing No. 613) is denied.

2.  Due's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 611) is denied.

3.  No certificate of appealability will issue.

4.  The Clerk of Court is directed to send a copy of this order to Due at his address of record.

Dated this 23rd day of July 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge